IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROOSEVELT GUY, | Case No. 3:14 CV 119 |
| Plaintiff, | MEMORANDUM OPINION |
| -vs- | |
| SPADER FREIGHT SERVICES, | |
| Defendant. | |

KATZ, J.

*Pro se* Plaintiff Roosevelt Guy filed the above-captioned action under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. §§ 1981, 1983, 1985 and 1986 against his former employer, Spader Freight Services ("Spader Freight") on behalf of himself and his dependants, K.S., D.G., D.G., and B.G. In the Complaint, Plaintiff alleges he was terminated from his employment on the basis of his race. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I. Background**

Plaintiff was employed by Spader Freight as a tractor trailer operator. Spader Freight scheduled a Department of Transportation physical for Plaintiff on September 12, 2012 at ProMedica Occuhealth in Toledo, Ohio. Prior to the appointment, Plaintiff was selected for random drug and alcohol testing. He claims Spader Freight did not notify him of the drug and alcohol testing prior to the appointment. When he arrived for his appointment, he was notified by ProMedica Occuhealth that a drug and alcohol test had been ordered for him. Plaintiff states he was

unable to reach his supervisor to confirm the order. He refused to take the test without confirmation from his employer, and left ProMedica Occuhealth. Thereafter, he was able to speak with Spader Freight's Safety Director, Steve Schwiebert. Mr. Schwiebert confirmed Plaintiff had been selected for random drug testing. Plaintiff questioned why he was not notified by the company and Mr. Schwiebert indicated the company was under no obligation to inform him in advance of the testing. He then informed the Plaintiff that leaving the testing facility without submitting to the test was grounds for immediate termination of employment. Plaintiff was told not to report to his next loading site because he was fired.

Plaintiff asserts six causes of action. First he contends Spader Freight deprived him of the right to make and enforce contracts due to his race, in violation of 42 U.S.C. § 1981(a). Second, he claims Spader Freight intentionally discriminated against him on the basis of his race by withholding notification of his selection for random drug and alcohol testing, in violation of 42 U.S.C. § 1981a. Third, he claims Spader Freight violated 49 C.F.R. § 40.27 by requiring him to sign a consent and release form in connection with drug and alcohol testing. Fourth, he claims Spader Freight conspired with ProMedica Occuhealth to violate his civil rights in violation of 42 U.S.C. § 1985(3). Fifth, Plaintiff asserts he is entitled to damages under 42 U.S.C. § 1986. Finally, Plaintiff claims he was terminated from his employment on the basis of race in violation of Title VII.

**II. Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

-2-

relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)

**III. Discussion**

**A. Claims asserted on behalf of Dependants**

As an initial matter, Plaintiff cannot bring claims on behalf of the individuals he lists as dependants. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305,

1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se* must personally sign the complaint to invoke this court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). Only Mr. Guy's signature appears on the pleading. There is no indication that he is a licensed attorney authorized to represent the individuals he identifies as his dependents. Consequently, the only claims properly before this court are those of Roosevelt Guy. This court will address only those claims.

**B. 42 U.S.C. § 1981(a)**

Plaintiff first claims Spader Freight deprived him of his right to make and enforce contracts because of his race, in violation of 42 U.S.C. § 1981. Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a prima facie case under § 1981(a), the plaintiff must allege facts to suggest: (1) he was a member of the protected class, (2) he sought and was qualified for a contract or the renewal of his

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

contract, (3) he was rejected, and (4) the contract or business was awarded to non-minority dealers. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir.1992). Plaintiff indicates he is African American which satisfies the first element; however, he fails to allege facts to suggest a contract was at issue. He does not allege he had a contract or was attempting to negotiate a contract, with whom he had that contract, or that Spader Freight interfered with Plaintiff's ability to obtain or retain that contract. He fails to meet the basic pleading requirements for a claim under § 1981(a).

**C. 42 U.S.C. § 1983**

Plaintiff also fails to assert a claim under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Spader Freight is a private corporation, not a state government entity. Plaintiff does not allege the company received significant aid from a state government official or a state agency when it terminated his employment for refusing to take the drug and alcohol test. Although the testing was to be conducted on the order of the Department of Transportation, that agency is a part of the

executive branch of the Untied States government. It is not a state agency. Spader Freight did not act under color of state law, and 42 U.S.C. § 1983 does not apply.

**D. 42 U.S.C. §§ 1985 and 1986**

Plaintiff also claims Spader Freight conspired with ProMedica Occuhealth to deprive him of "substantial rights." (Doc. No. 1 at 4). To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828-29 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)).

A plaintiff fails to state an adequate claim under § 1985 if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Plaintiff has not provided sufficient facts to state a conspiracy claim pursuant to § 1985. He makes only conclusory allegations that the Defendant and ProMedica Occuhealth acted in concert and has failed to allege facts suggesting there was an agreement between two or more

persons to fail to inform African-American drivers that they were selected for drug and alcohol testing prior to arriving at the test center. Furthermore, Plaintiff failed to make sufficient factual allegations to establish any sort of "meeting of the minds." He did not link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights. Therefore, Plaintiff failed to state a claim for conspiracy pursuant to § 1985.

Because plaintiff has failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

**E. 49 C.F.R. § 40.27**

Plaintiff claims he is entitled to relief under 49 C.F.R. § 40.27 because he was required to sign a consent and release form for medical records in connection with drug and alcohol testing. The regulation upon which Plaintiff relies reads in pertinent part:

> as an employer, you must not require an employee to sign a consent, release, waiver of liability, or indemnification agreement with respect to any part of the drug or alcohol testing process covered by this part (including, but not limited to, collections, laboratory testing, MRO and SAP services)

49 C.F.R. § 40.27. The statute under which the regulation was promulgated, the Federal Omnibus Transportation Employee Testing Act of 1991 ("FOTETA"), 49 U.S.C. § 31306 authorized the Secretary of Transportation to prescribe regulations relating to the establishment of drug testing programs as to commercial motor vehicle transportation. Pursuant to that authority, the Secretary has prescribed regulations "to establish programs designed to prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor

-7-

vehicles." 49 U.S.C. § 382.101.

Since neither the statute or the regulation creates any express cause of action, the Court turns to the analysis under *Cort v. Ash*, 422 U.S. 66 (1975) to determine whether the statute or regulation intended to create an implied cause of action. A prolonged discussion of this subject, however, is not necessary since the Sixth Circuit Court of Appeals addressed this question in *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir.2000), and held that no private right of action exists under the regulation or the statute. The Sixth Circuit determined that the FOTETA is framed as a general mandate to the Department of Transportation as the regulations applicable to the Federal Highway Administration, Federal Railroad Administration, Federal Transit Administration and Federal Aviation Administration and the regulatory scheme does not evince a concern for the protection of drivers who believe that they have been aggrieved through the drug testing process. *See Parry*, 236 F.3d at 309; 49 C.F.R. § 40.25(f)(10)(B). Because the Sixth Circuit could find no implied action, it concluded that the FOTETA and the regulations promulgated thereunder do not imply a private cause of action. Plaintiff therefore cannot bring a cause of action under the FOTETA or 49 C.F.R. § 40.27.

**F. Title VII**

Plaintiff also brings a claim under Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002).

Nevertheless, the Supreme Court later clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678. ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.' " (quoting Twombly., 550 U.S at 557)). Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor, et al.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's Complaint never rises above the speculative level. While he identifies his race, the Court is left to guess how his termination for refusing to take a drug test was based on his race. Indeed, Plaintiff attaches a copy of his employer's policy and procedure manual which clearly states, "Refusal to submit to the types of drug and alcohol tests employed by the Company will be grounds for refusal to hire driver/applicants and to terminate employment of existing drivers." (Doc. No. 1 at 9). It also states that "[a] delay in providing a urine, breath, or saliva specimen could be considered a refusal." (Doc. No. 1 at 9). While the manual states that if a driver is selected for either drug or alcohol testing, a company official will notify the driver, Plaintiff was aware during his physical that the testing had been ordered because he attempted to contact a company official to confirm the order. He refused to submit to the test absent verbal confirmation from his supervisor and left the testing center, knowing that his behavior could lead to the termination of his employment. He alleges no facts to suggest his termination was racially motivated. His claim is states solely as a legal conclusion. This is not sufficient to cross the threshold of basic pleading requirements in federal court. See Fed. Civ. R. 8 (complaint must provide "a short and plain

statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

### G.  42 U.S.C. § 1981a

Plaintiff alleges that Spader Freight committed "intentional discrimination" in violation of 42 U.S.C. § 1981a(a) (1) and (b)(1).  Section 1981a permits victims of intentional discrimination to recover compensatory and punitive damages.  *See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72 (2006); *West v. Gibson*, 527 U.S. 212, 219 (1999).  Section 1981a , however, does not create a separate cause of action for "intentional discrimination." Rather, this statute authorizes the award of compensatory and punitive damages for violations of Title VII. "Implicit in § 1981a is the requisite that an action will not exist under the Civil Rights Act absent a primary claim under another substantive act.  In short, there is no such thing as a § 1981a claim." *Bennett v. Calabrian Chemicals Corp.*, 324 F.Supp.2d 815, 839 (E.D. Tex. 2004) (citations and internal quotations omitted).  *See Powers v. Pinkerton, Inc.*, 28 F.Supp.2d 463, 472 (N.D. Ohio 1997), aff'd 168 F.3d 490 (6th Cir. 1998) ("a claim based on § 1981a does not afford an independent ground for relief but is a statutory provision for additional recovery of damages in Title VII cases").  Because Plaintiff does not have a viable Title VII claim against Spader Freight, his claim for damages under § 1981a should be dismissed.

### IV.  Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the Court certifies pursuant to 28 U.S.C.

§1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

        s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a) provides, in pertinent part:

>  An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-11-